THE STATE v. EDWIN M. WATSON AND MARY WATSON.

Argued November 5, 1908—Decided February 23, 1909.

Upon an indictment for manslaughter it was sought to hold the defendants for the common-law crime, without regard to the act of 1901 (*Pamph. L.,* p. 276), upon proof of failure to provide medical attendance for a child seven years of age. *Held,* it was erroneous to charge that as it had been proven that the defendants did provide medical attendance, the jury must consider whether they provided this aid with the same diligence that a reasonable and prudent person would have done; and in this case negligence, if it exists at all, is the failure to observe for the protection of the interests of another person that degree of care, precaution and vigilance which the circumstances justly demanded —failure to do what a reasonable and prudent person would have done.

On error to Burlington Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Joseph H. Lefferts* and *Donald Lefferts.*

For the state, *Samuel A. Atkinson,* prosecutor of the pleas.

The opinion of the court was delivered by

SWAYZE, J.  The defendants were convicted of manslaughter.  The specific charge was a failure to provide medical attendance for their minor child, aged seven years.  We do not find it necessary to consider the interesting, and, in this state, novel question which was argued as to how far the religious belief of the defendants, who were Christian Scientists, would excuse them.  The case was tried, apparently, without regard to the act of 1901 (*Pamph. L., p.* 276), which provides that any person having the care, custody or control of any minor child, who shall willfully neglect to supply the same with sufficient food, clothing, regular school education, or who shall willfully abandon or neglect the same, shall be guilty of a misdemeanor.  Under a somewhat similar statute it has been held in England that the religious belief of the parents was not a sufficient defence.  *Queen* v. *Senior,* 1 *Q. B.* 283 (1899).  This act does not seem to have been called to the attention of the trial judge, and he, therefore, did not put to the jury the question whether the parents had willfully neglected the child.  However strong the evidence may have been upon this point, the defendants were entitled to the verdict of a jury thereon.  Instead of submitting this question, the case was tried as arising under the common law.  The judge properly charged in one part of his charge that the defendants could not be convicted unless the jury found that they were guilty of culpable negligence, and in another part of the charge he put to them the question whether the child died as the result of their being grossly negligent, but in other portions of the charge he told them that, as it had been proven that the defendants did provide medical attendance, they must consider whether they provided this aid with the same diligence that a reasonable and prudent person would have done, and subsequently charged that if they found that the defendants called in medical aid as soon as a reasonable and prudent person would have believed it to be necessary, the verdict must

be not guilty, and toward the end of his charge defined negligence as the omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs would do, that, in this case, negligence, if it exists at all, is the failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demanded, whereby others suffer injury, failure to do what a reasonable and prudent person would have done.

We think that the effect of this charge was to allow the jury to infer that the defendants had been grossly and culpably negligent if they failed to furnish medical aid with the promptness of a reasonable and prudent person. This ignores the distinction between such negligence as forms the basis of civil liability and that gross and more culpable negligence which is required at common law to constitute a crime. The charge was therefore faulty as a definition of the common-law offence.

The conviction cannot be sustained under the statute since the jury have had no opportunity to find whether the neglect was willful. The judgment must therefore be reversed.